1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

POPPARTIES LLC,

12

Plaintiff(s),

v.

13

JIAO CHENRUI et al,

14

Defendant(s).

15

16

CASE NO. 2:22-cv-00469-TL

ORDER ON ALTERNATIVE
SERVICE

17        This matter is before the Court on Plaintiff Popparties LLC's ("POP Parties") motion

18 requesting leave to serve Defendants, Jiao Chenrui and Shanxi Ju Ju Energy Development Co.,

19 Ltd., by email (the "Motion"). Dkt. No. 10. Having considered the relevant record, the Court

20 hereby GRANTS the Motion for the reasons below.

21                        I.        BACKGROUND

22        POP Parties is a manufacturer and seller of certain party and holiday decorations that

23 brings this action against Defendants, who are believed to be Chinese-based sellers of counterfeit

24 POP Parties products, under the name "Party Decota," on the online sales platform Amazon.com.

Dkt. No. 1 at 2. Plaintiff asserts copyright infringement and other claims against Defendants for the manufacture and sale of the infringing products and for certain harassing behavior, including by ordering and then canceling Plaintiff's products in mass quantities to restrict would-be customers' ability to purchase the products on Amazon.com. *Id.* at 11–17.

In late 2021, Plaintiff asked Amazon.com to remove the allegedly counterfeit products from the website pursuant to the Digital Millennium Copyright Act ("DMCA"), *see* 17 U.S.C. § 512(c) (no liability for service provider who acts expeditiously to remove the copyright-infringing material), and Defendants responded with counter notifications ("the Counter-Notices"), *see id.* § 512(g) (permitting counter notifications in response to a DMCA takedown request), requiring Plaintiff to file a lawsuit or risk having Defendants' products re-listed on Amazon.com. Dkt. Nos. 1-3, 1-4. As required by 17 U.S.C. § 512(g)(3)(D), Defendants' Counter-Notices contained an address, which was comprised of a string of unbroken letters and numbers (roughly translating to "President Xi Jinping, 11ha Ian, Chuangye Street, Taiyuan Xuefu Park, and No. 021, Hongyi Company's Grand Space Land, on the second floor of the building") and consented to "accept service of process from the person who provided the [DMCA] complaint." Dkt. Nos. 1-3, 1-4; Dkt. No. 11 at 2 (translation). The Counter-Notices also listed "huyu1967@126.com" as Defendants' email address. Dkt. Nos. 1-3, 1-4.

Plaintiff filed this action in April 2022. Dkt. No. 1. No Defendant has been served or has appeared in this action. But later in the same month, an attorney purporting to represent the Amazon.com seller in this action (presumably Defendants) contacted Plaintiff's counsel to discuss a potential settlement. Dkt. No. 11-1. The attorney used the email address email address haoyichen@archlakelaw.com and has been responsive at that address to continued settlement discussions with Plaintiff. Dkt. No. 11 at 2; Dkt. No. 11-1. Plaintiff's counsel sent copies of the complaint, its attachments, and the summons in this action to Defendants' counsel and requested

1   that the attorney accept or waive service on Defendants' behalf. Dkt. No. 11-1. Defendants'

2   counsel did not agree to accept or waive service. Dkt. No. 11 at 2.

3        Plaintiff now moves for leave to serve Defendants by email, at the email addresses

4   provided by Defendants in the Counter-Notices and used by Defendants' counsel. Dkt. No. 10 at

5   3, 8. No Defendant opposes or has otherwise responded to the Motion.

6             **II.**    **DISCUSSION**

7        Plaintiff seeks alternate service of process on Defendants by email pursuant to Federal

8   Rule of Civil Procedure ("FRCP") 4(f)(3).

9        Service of process on an individual—or any corporation, partnership, or other

10   unincorporated association, *see* Fed. R. Civ. P. 4(h)(2)—outside the United States may occur:

11             (1) by any internationally agreed means of service that is
          reasonably calculated to give notice, such as those authorized by

12             the Hague Convention on the Service Abroad of Judicial and
          Extrajudicial Documents; [or]

13             . . .

14             (3) by other means not prohibited by international agreement, as

15             the court orders.

16   *Id.* 4(f).

17        The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents

18   (the "Hague Convention"), *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638, is

19   an international treaty that governs service of process among nations that are party to the

20   Convention, including China and the United States. *See* Status Table, HCCH,

21   https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated June 17,

22   2021) (listing parties to the Hague Convention). The Hague Convention does not apply "where

23   the address of the person to be served with the document is not known." Hague Convention

24   art. 1.

1    The Ninth Circuit has "commit[ted] to the sound discretion of the district court the task of

2    determining when the particularities and necessities of a given case require alternate service of

3    process under Rule 4(f)(3)." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir.

4    2002). Plaintiffs are not required to have attempted Hague Convention service under Rule 4(f)(1)

5    before seeking service under Rule 4(f)(3). *See id.* at 1015 ("[C]ourt-directed service under Rule

6    4(f)(3) is as favored as service available under Rule 4(f)(1) . . . . [S]ervice of process under Rule

7    4(f)(3) is neither a 'last resort' nor extraordinary relief.'" (quoting *Forum Fin. Grp., LLC v.*

8    *President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001))).

9        The party requesting alternate service must "demonstrate that the facts and circumstances

10   of the present case necessitate[] the district court's intervention." *Id.* at 1016. "Courts consider a

11   variety of factors when evaluating whether to grant relief under Rule 4(f)(3)[,] including whether

12   the plaintiff identified a physical address for the defendant, whether the defendant was evading

13   service of process, and whether the plaintiff had previously been in contact with the defendant."

14   *Rubie's Costume Co. v. Yiwu Hua Hao Toys Co.*, No. C18-1530, 2019 WL 6310564, at *2 (W.D.

15   Wash. Nov. 25, 2019) (permitting alternative service by email on certain Amazon.com sellers of

16   allegedly counterfeit products).

17       Finally, any method of service under U.S. law must comport with constitutional notions

18   of due process and be "reasonably calculated, under all the circumstances, to apprise interested

19   parties of the pendency of the action and afford them an opportunity to present their objections."

20   *Rio Props., Inc.*, 284 F.3d at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339

21   U.S. 306, 314 (1950)).

22       Plaintiff has "demonstrate[d] that the facts and circumstances of the present case

23   necessitate[] the district court's intervention." *See id.* at 1016; *see also Rubie's Costume Co.*,

24   2019 WL 6310564, at *2 (listing factors for consideration). First, as already mentioned, Plaintiff

has not been able to identify any legitimate physical address for attempting service on Defendants. While Plaintiff does not appear to have investigated the address provided by Defendants in the Counter-Notices, the address appears to be a sham on its face, such that an investigation would only result in wasted resources and delay. For example, the address is a string of unbroken letters and numbers, making it not only difficult to parse but unlikely to be an actual address. Further, the translation provided by Plaintiff, liberally construed, seems to show two different locations, *i.e.,* one associated with the President of China (who appears to have no relevance to this action) and the other a nonsensical address (Hongyi Company's Grand Space Land) with no city or country listed. *See* Dkt. No. 11 at 2; *see also Will Co. v. Kam Keung Fung*, No. C20-5666, 2020 WL 6709712, at *2 (W.D. Wash. Nov. 16, 2020) (permitting email service where no physical addresses were available because "only partial addresses . . . or addresses [that] are clearly unrelated to the defendants were provided").[1]

Second, Plaintiff has established that Defendants have actual notice of this action. Defendants' counsel has already reached out and engaged in multiple settlement discussions regarding this case. Dkt. No. 11-1.

Third, Defendants appear to be evading service. Despite their willingness to engage in substantive discussions with Plaintiff about this case, including the potential resolution of this case, Defendants refuse to accept service and have not provided a credible address at which they might be served. This is in spite of Defendants' own usage of the counter-notification provision of the DMCA, which requires a counter-notification to contain:

---

[1] This lack of a physical address associated with Defendants also means that the Hague Convention, to the extent that its provisions and limitations might control service of process on a defendant in China, is inapplicable here. *See* Hague Convention art. 1. *See generally Amazon.com, Inc. v. Tian Ruiping*, No. C21-159, 2022 WL 486267, at *3 (W.D. Wash. Feb. 17, 2022) (Lin, J.) (noting splits among courts on the applicability of the Hague Convention on alternative service by email on defendants in China).

The subscriber's name, *address*, and telephone number, and a statement that the subscriber consents to the jurisdiction of Federal District Court for the judicial district in which the address is located, or if the subscriber's address is outside of the United States, for any judicial district in which the service provider may be found, and that *the subscriber will accept service of process from the person who provided [a DMCA notification] or an agent of such person.*

17 U.S.C. § 512(g)(3)(D) (emphasis added). By providing a sham address and failing to accept service, Defendants seek to both evade and take advantage of the counter-notification process. Such attempted gamesmanship supports the appropriateness of the Court's intervention here. *See Rio Props., Inc.*, 284 F.3d at 1018 (finding service by email satisfied due process where defendant almost exclusively relied on email and was "playing hide-and-seek with the federal court").

Finally, there are no due process concerns with the method of alternate service requested. Defendants have actual notice of this action, and at least one of the email addresses to be used for service (*i.e.*, haoyichen@archlakelaw.com) is active and directly connected to Defendants through their counsel. *See Rio Props., Inc.*, 284 F.3d at 1017 ("[W]e conclude not only that service of process by email was proper . . . but in this case, it was the method of service most likely to reach [defendant].") ; *see also Rang Dong Joint Stock Co. v. J.F. Hillebrand USA, Inc.*, No. C18-3195, 2020 WL 3841185, at *12 (E.D. Cal. July 8, 2020) (permitting service on foreign defendant's U.S. counsel). The second unverified email address (*i.e.*, huyu1967@126.com), notably, is that which Defendants themselves represented to be their correct email address in the Counter-Notices. *See* Dkt. Nos. 1-3, 1-4.

1

### III.    CONCLUSION

2       Accordingly, the Court hereby ORDERS:

3       (1)     Plaintiff's motion for alternate service on Defendants by email (Dkt. No. 10) is

4               GRANTED.

5       (2)     Within **seven (7) days** of this Order, Plaintiff is DIRECTED to serve process on

6               Defendants with a copy of the complaint and summons at the following email

7               addresses:

8               •       haoyichen@archlakelaw.com

9               •       huyu1967@126.com

10      Dated this 29th day of November 2022.

11

12                                                      Tana Lin
13                                                      United States District Judge

14

15

16

17

18

19

20

21

22

23

24